The Honorable Farris Bryant Governor of Florida Tallahassee, Florida
Dear Governor:
We have the honor to acknowledge your letter of June 28, 1963, submitting to us under Section 13 of Article IV of the Constitution of Florida, F.S.A., a request for advice relating to your executive powers and duties. Your letter reads as follows :
“The Honorable Chief Justice and Justices of the Supreme Court of Florida
Supreme Court Building Tallahassee, Florida
“Gentlemen:
“Under Section 13, Article IV, of the Florida Constitution, the Governor is authorized to request the written opinion of the Justices as to the interpretation of any question affecting his executive powers and duties.
“Section 17, Article III, of the said Constitution, provides in part that ‘all bills or joint resolutions so passed shall be signed by the presiding officer of the respective houses and by the Secretary of the Senate and Clerk of the House of Representatives.’
“Section 6 of said Article III provides that ‘each house shall judge of the Qualifications, election and returns of its own members, choose its own officers and determine the rules of its proceedings. * * * ’
“The Honorable Robert W. Davis was elected Secretary of the Senate on November 9, 1962, which election was confirmed by majority of the members of the Senate on April 2, 1963, all as appears from the Journal of the Senate of said April 2, 1963.
*839 “On June 28, 1963, the said Honorable Robert W. Davis died without having signed certain bills or joint resolutions theretofore passed by both houses of the legislature which have been signed by the Speaker and Chief Clerk of the House of Representatives and by the President of the Senate and lack only the signature of the Secretary of the Senate to be presented to the Governor, pursuant to Section 28, Article III, of the Florida Constitution, for his consideration and action.
“The Honorable Wilson Carraway, President of the Senate of Florida, on June 28, 1963, appointed Tommy J. Burns as Acting Secretary of the Senate to serve in lieu of the said Robert W. Davis, deceased. (A copy of said order is attached.)
“There has been presented to me, on June 28, 1963, House Bill No. 2544, which was passed by the House of Representatives and by the Senate, was enrolled and signed by the Speaker and the Chief Clerk of the Blouse of Representatives and by the President of the Senate. This bill lacks the signature of the Secretary of the Senate. (A copy of said bill is attached.)
“There has also been presented to me, on June 28, 1963, House Bill No. 2487, which was passed by the House of Representatives and by the Senate, was enrolled and signed by the Speaker and the Chief Clerk of the House of Representatives and by the President of the Senate. This bill was signed also by Tommy J. Burns, as Acting Secretary of the Florida Senate. (A copy of said bill is attached.)
“In view of the above situation, I am uncertain as to the legal efficacy of House Bills Nos. 2544 and 2487. I have the honor, therefore, to request your opinion as to whether I should consider either or both of said House Bills as being legally and properly presented for my consideration and action pursuant to Section 28, Article III, of the Florida Constitution.
“Respectfully,
/s/ Farris Bryant FB :ms Governor”
For the reasons expressed below it is our opinion that both of the bills described in your request for advisory may be treated by you as being properly presented for your consideration and action.
Section 11.15(4) (a), F.S.A. creates “ * * * a permanent office of the secretary of the senate * * * ” and provides that the secretary shall be appointed for a term of two years. However, neither this statute, the constitution, nor the Rules of the Senate prescribe who shall exercise the power of appointment.
Section 6, Article III, of the Florida Constitution gives the Senate the authority to “choose its own officers”, but does not prescribe the method by which the office of Secretary of the Senate shall be filled.
Furthermore, no method is prescribed by law or rule for the filling of a vacancy in the subject office where the vacancy is caused by death as in the instant circumstances. Nor do we find any provision for the appointment of an Acting Secretary to perform that function of the Secretary of the Senate which provokes your request, and we consider the signature of the Acting Secretary of the Senate on House Bill No. 2487 surplusage.
For these reasons we are of the opinion that the Office of Secretary of the Senate is vacant and that under the existing law and rules the office may be filled only by action of the Members of the Senate acting as a body.
This court has previously held that the last sentence • of Section 17, Article III, Florida Constitution is mandatory and not directory. This sentence requires that all bills passed by the Legislature be signed *840 by the presiding officer of each house, by the Secretary of the Senate, and by the Clerk of the House.
This constitutional provision presupposes that there is a duly authorized and acting holder of each of the offices mentioned. In this situation the Office of Secretary of the Senate is vacant and there is no method for filling it short of action of the Senate through its membership.
This court has recognized that the required signing of bills by the presiding officers and clerks is not a lawmaking function, but rather is a ministerial duty exercised for the purpose of authenticating the identity of the matter contained in the enrolled bill presented to the Governor as being the same as in the engrossed bill that was passed by the Legislature. State ex rel. Cunningham v. Davis, 1936, 123 Fla. 41, 166 So. 289.
We do not believe that the subject constitutional provision intended that legislative acts be nullified for lack of authentication by one of the ministerial officers of the Legislature when that officer’s hand has been stilled by death and no method is provided for filling the office within the time prescribed for presentation of the bills to the Governor.
It is, therefore, our opinion that you may consider both of the bills described in your request for advisory as being legally and properly presented for your consideration and action pursuant to Section 28, Article III of the Florida Constitution.
Respectfully,
/s/ E. HARRIS DREW E. Harris Drew, Chief Justice
/s/ GLENN TERRELL Glenn Terrell, Justice
/s/ ELWYN THOMAS Elwyn Thomas, Justice
/s/ B. K. ROBERTS B. K. Roberts, Justice
/s/ CAMPBELL THORNAL Campbell Thornal, Justice
/s/ STEPHEN C. O’CONNELL Stephen C. O’Connell, Justice
/s/ MILLARD F. CALDWELL Millard F. Caldwell, Justice